In the Matter of AUGUSTINE PERILLO, Appellant, against NEW YORK STATE BOARD OF PAROLE, Respondent.

Third Department, July 24, 1957.

*Augustine Perillo*, appellant in person.

*Louis J. Lefkowitz, Attorney-General* (*Raymond B. Madden, John R. Davison* and *Paul C. Reuss* of counsel), for respondent.

HALPERN, J. This is an appeal from an order of the Special Term dismissing a proceeding against the New York State Board of Parole under article 78 of the Civil Practice Act, in the nature of mandamus.

The appellant was sentenced to State prison on February 6, 1952, for a term of two and one-half to five years for the crime of feloniously possessing a narcotic drug with intent to sell the same. He was released on parole on October 17, 1953. While on parole, the appellant was arrested by the Federal authorities on May 25, 1954, on a charge of having sold narcotics in violation of the Federal statutes. The following day, May 26, he was released on bail.

Subsequently, on July 2, 1954, the appellant was declared delinquent by the State Parole Board as of January 9, 1954, the date of the alleged commission of the Federal offense, and he was arrested on July 6, 1954, on a warrant issued for the parole violation. He was held by the State authorities until August 19, 1954, when he was turned over to the Federal authorities for trial on the Federal charge. He pleaded guilty to that charge and was sentenced November 4, 1954, to a term of two years and was committed to a Federal penitentiary in Michigan. Upon the expiration of the Federal sentence, he was returned to the State authorities for service of the unexpired term of his State sentence.

The Federal crime was one which if committed in violation of the laws of this State would have constituted a felony. Hence, section 219 of the Correction Law applied and the appellant was required to serve the remainder of his sentence from the time of his release on parole.

The appellant brought this proceeding against the State Parole Board to require it to give him credit for the time served under the Federal sentence, claiming that he was entitled to that credit under *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367).

The Special Term correctly dismissed the proceeding. The *Rainone* case is plainly distinguishable. In that case, the prisoner had been arrested on a warrant charging a violation of parole and he was actually in custody of the State authorities when he was arrested on a Federal charge. He was released to the Federal authorities for trial under a writ of habeas corpus ad prosequendum, under the terms of which he was to be returned to the State authorities upon the completion of the trial. He was so returned and thereafter the State Parole Board voluntarily turned the prisoner over to the Federal authorities for the service of his Federal sentence. The Court of Appeals held that the Parole Board had no authority to interrupt the service of the State sentence in this manner and that the State sentence continued to run while the prisoner was in the Federal prison.

In this case, the Federal arrest came first. The prisoner was arrested on the parole violation charge several weeks later, while he was out on bail on the Federal charge. As appears above, the State authorities turned the appellant over to the Federal authorities for trial and he was not returned to the State authorities until he had completed service of the Federal sentence.

The State authorities had no choice in the matter. The Federal arrest having taken place first, the State authorities had to allow the Federal authorities to complete their prosecution to the point of sentence and imprisonment. '' The tribunal which first obtains jurisdiction holds it to the exclusion of any other until its duty is fully performed. *Taylor* v. *Taintor,* 16 Wall. 366 '' (*United States* v. *Vannata,* 290 F. 212). When the State authorities arrested the appellant on the parole warrant, they acquired only conditional custody of the appellant, subject to the superior right of the Federal authorities, and, upon the assertion of that right, the State's custody terminated and the appellant's State sentence ceased to run.

While the *Rainone* case lays down the general principle that once the State authorities have regained custody of a parolee by arresting him on a charge of a violation of his parole, the unexpired term of his sentence begins to run and the State authorities have no power to suspend or interrupt the running of the sentence thereafter, this principle is applicable only if the custody acquired by the State authorities is complete and unconditional. If the custody is subject to the superior right of another sovereign and the custody is terminated by the exercise of that right, the *Rainone* principle is not applicable.

It may be argued that the State had prior jurisdiction by reason of the fact that the appellant was on parole under a State sentence at the time of the Federal arrest and that therefore the State had the right to insist upon the completion of the State sentence prior to the service of the Federal sentence (*Rawls* v. *United States,* 166 F. 2d 532, cert. denied 334 U. S. 848; *Grant* v. *Guernsey,* 63 F. 2d 163, cert. denied 289 U. S. 744). It is true that a prisoner on parole is in the " legal custody " of the State (Correction Law, § 213) but this constructive custody was terminated and the State's prior jurisdiction was lost when the appellant committed a Federal crime, in violation of the terms of his parole. When the appellant " committed a federal crime while on parole * * * he was no longer in either actual or constructive custody under his first sentence " (*Zerbst* v. *Kidwell,* 304 U. S. 359, 361). " [H]e was no longer in the custody of the Board of Parole " (*People ex rel. Dote* v. *Martin,* 294 N. Y. 330, 333). The State's jurisdiction reattached only when the actual custody of the appellant was regained by the State authorities and, at that time, the Federal jurisdiction had already intervened and the Federal authorities had a prior claim to the custody of the appellant. The surrender of the appellant to the Federal authorities was therefore not a voluntary act on the part of the New York authorities, as the surrender of the prisoner in the *Rainone* case was.*

Support for this conclusion may be found in the provisions of the Uniform Act for Out-of-State Parolee Supervision (Correction Law, § 224). Paragraph (3) of subdivision 1 of that act provides that " if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense." This constitutes legislative recognition of the prior right of the sovereign against whom the parolee commits an offense while on parole, to prosecute that

---

* The decision in *People ex rel. Watkins* v. *Murphy* (3 N Y 2d 163) is not in conflict with this conclusion. The majority of the court held in that case that, despite the fact that under section 218 of the Correction Law the running of the prisoner's sentence was suspended by a violation of parole, section 219 was still applicable to him and the prisoner might incur a further forfeiture if he committed a felony thereafter, before he was arrested for the first parole violation. This is not inconsistent with the view that the State's constructive custody by virtue of the parole terminated upon the occurrence of the first violation, from the standpoint of determining priority of jurisdiction as between the State and the sovereign against whose laws the violation was committed.

offense to the point of sentence and imprisonment, before surrendering the parolee to the authorities of the paroling State, for service of the unexpired term of his original sentence (cf. Code Crim. Pro., § 848, part of Uniform Criminal Extradition Act; see, also, Correction Law, § 219).

Under this principle, the action of the Federal authorities in retaining custody of the appellant after the completion of his Federal trial, for the service of his Federal sentence, was entirely proper.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order affirmed, without costs.