Jasen, J.
On October 22, 1965, petitioner was convicted of a felony and sentenced to serve 1¼, to 2½ years in Creen Haven State Prison. He was thereafter paroled. In December, 1966, while on parole, petitioner fraudulently used a credit card and, as a result, the Parole Board declared him a delinquent on December 8, 1966. Pursuant to a parole violation warrant, he was taken into custody on December 15, 1966 by officers of the State Parole Division. A few hours later petitioner was delivered to the New York City police who charged him with the forgery and petit larceny. On December 20, 1966, petitioner pled guilty to petit larceny and was sentenced to a four-month term in the New York City Workhouse. Petitioner served this misdemeanor sentence and was then turned over to the appellant Warden to serve the unexpired term of his previous State felony sentence.
Petitioner brought this proceeding to compel the Warden to credit the four months served on the misdemeanor sentence against his sentence remaining on the felony conviction. Special Term granted the petition and directed the Warden to credit petitioner for the time served in the New York City Workhouse. The Appellate Division unanimously affirmed.
As a general rule, when a prisoner is committed to prison, his sentence begins to run and continues until it has been fully served, less any reduction in sentence. (Correction Law, §§ 230, 230-a.) After he has been imprisoned for the minimum term of his sentence the Parole Board may ameliorate the conditions *63 of his sentence by allowing him to serve the remainder of it outside the walls of the prison on parole. (Correction Law, § 212.) While a prisoner is on parole, his sentence continues to run until its maximum term has expired. However, if a prisoner commits some violation of the conditions of his parole, and the Parole Board declares him a parole delinquent, the running of his sentence is halted until his return to prison where he may be required to serve the maximum amount of his ‘sentence remaining, dating from the time of his act of delinquency. (Correction Law, §§ 218, 219.)
The crux of the problem in this case is to determine when, after petitioner was declared delinquent, the resumption of the service of his sentence began.
Since 1956, People ex rel. Rainone v. Murphy (1 N Y 2d 367) has been regarded as the controlling decision in this area. In that case, when it was learned that the parolee had transported stolen goods over State lines, he was declared a parole delinquent under the former section 218 of the Correction Law and arrested on a parole violation warrant. He was temporarily incarcerated in the Tombs City Prison in New York City. The Parole Board surrendered him to Federal authorities to stand trial for the above-mentioned crime and, after he was found guilty, he was remanded to State authorities and returned to the Tombs. He was again surrendered to the Federal authorities for sentencing, and then returned to the custody of the Parole Board. Finally, the board delivered him to Federal authorities to serve his four-year sentence for transporting stolen goods. After his Federal sentence was completed, the parolee was returned to State custody. He then sought a writ of ¡habeas corpus, contending that he should receive credit against his remaining State sentence for the time served in Federal prison.
This court reversed the Appellate Division and ruled that the credit requested must be given. Chief Judge Conwat, writing for the majority of the court, noted that section 2188 of the former Penal Law and section 470-a of the Code of Criminal Procedure prohibit a court or Judge from interrupting a prisoner’s sentence after it has commenced. From this the court concluded that the Legislature did not intend to confer the power to interrupt a sentence on the Parole Board. The court *64 reasoned that a parolee could, by his own act .of delinquency, interrupt the running of his sentence, but that his sentence resumed running when he was returned to the custody of the Parole Board — regardless of what the Parole Board did with him after initially regaining custody.
In 1960, the Legislature substantially amended the language of section 218 of the Correction Law (L. 1960, ch. 473) to provide that a declaration of delinquency by the Parole Board shall interrupt a prisoner’s sentence as of the date of such delinquency notwithstanding section 470-a of the Code of Criminal Procedure and section 2188 .of the former Penal Law, and that such interruption shall continue until the prisoner’s return “to an institution under the jurisdiction of the eommisisoner of correction.”
The amendment destroys the underlying hypothesis of Rainone. Under the amended section 218 the Parole Board’s declaration of delinquency, rather than the parolee’s act of delinquency, interrupts his sentence. Thus, the Legislature has declared that the basic policy announced in section 470-a of the Code of Criminal Procedure and section 2188 of the former Penal Law is not applicable to parole delinquency. Furthermore, interruption of the parolee’s sentence continues not until his return to the custody of the Parole Board, as Bainone ruled, but until the prisoner is returned to “ an institution under the jurisdiction of the commissioner of correction.” This last phrase is not precisely defined by the statute; however, it apparently refers to a unit of the State prison system. (See Correction Law, § 112; also, compare Correction Law, § 219.)
With this legislative clarification of the State’s policy in regard to the interruption of a parolee’s sentence, it is apparent that People ex rel. Rainone v. Murphy (supra) is no longer viable and we must apply section 218 of the Correction Law as. amended to the facts at hand as a matter of first impression. In so doing it becomes readily apparent that petitioner should not receive credit for the time spent in the New York City Workhouse on the misdemeanor sentence.
The Parole Board’s declaration of delinquency interrupted petitioner’s sentence as of the date of the act of delinquency and that interruption continued until he was returned to Green Haven State Prison.
*65 The board’s action in turning respondent over to the city authorities for arraignment and prosecution for forgery and petit larceny merely facilitated his right to a speedy trial on the new charge as contemplated by the statutes (Code Crim. Pro., §§ 669, 669-b) and the Constitution of the United States (Smith v. Hooey, 393 U. S. 374).
The fact that petitioner served the four-month misdemeanor sentence in New York City before he was returned to Green Haven has no effect upon the requirement that he serve the remainder of his felony sentence, and in no way interferes with his rights as declared by the Legislature.
We do not now decide the question which will be presented to Special Term, if petitioner is now at liberty, as to whether the petitioner must be remanded to the custody of the Warden in view of Parole Board’s discretion to readmit petitioner to parole.
Accordingly, the order appealed from should be reversed and the petition dismissed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Bkeitel concur.
Order reversed, without costs, and matter remitted to Supreme Court, Dutchess County, for further proceedings in accordance with the opinion herein.