John H. Pennock, J.
This court issued a writ of habeas corpus on February 14,1969 for the purpose of review of the petitioner’s contentions. In view of the fact that the petitioner was incarcerated out of the State this court has no immediate means to produce the body of the petitioner.
The undisputed facts considered by this court are as follows:
The files of the New York State Division of Parole as they relate to one Theodore Watkins, presently an inmate of the United States Penitentiary, Atlanta, Georgia. This file showed that the said Theodore Watkins confessed to the crime of robbery, first degree, in Dutchess County Court and was sentenced to a term of 15 to 30 years on December 23, 1952. On November 20, 1962 the said Theodore Watkins was paroled to meet a warrant in Northampton County, Pennsylvania. The warrant in Pennsylvania resulted in a suspended sentence and the said Theodore Watkins was released to the New York State Division of Parole on February 11,1963 and was placed under supervision in the New York City area. On October 29, 1963 a warrant charging violation of parole resulted in termination of parole status and the said Theodore Watkins was returned to State prison on December 20, 1963.
The said Theodore Watkins was reparoled from Sing Sing Prison on January 19, 1965 and at the time of his reparole his maximum expiration date was shown as April 26, 1983. This computation of time was based on the sentence imposed in Dutchess County (15 to 30 years on December 23, 19:52).
On June 4, 1965 the New York area office of the Division of Parole was contacted by the Federal Narcotics Bureau (Agent Salvaggi) who stated that they, the Federal Narcotics Bureau, wanted the said Theodore Watkins for violation of the Federal Narcotics Law. The Federal Narcotics Agent Salvaggi was advised that the said Theodore Watkins was scheduled to report to the New York area office of the New York State Division of Parole on June 8, 1965. The said Theodore Watkins reported *655 to the office as scheduled and the Federal Narcotics Bureau was advised of his presence there. A Federal Narcotic Agent Slattery, accompanied by another agent, appeared at the New York Area office, Division of Parole, and arrested the said Theodore Watkins on June 8, 1965. A warrant charging violation of parole was issued on the basis of this arrest and was lodged as a detainer only. On June 9, 1965 the said Theodore Watkins was arraigned before the United States Federal Court, Southern District of New York, and was remanded to the Federal House of Detention to await trial. On October 7, 1965 the said Theodore Watkins went to trial in the Federal Court, Southern District, New York, without jury. Following conviction, on two counts, of the United States Code, he Avas sentenced to two concurrent terms of five years on November 5,1965. On December 29, 1965 the said Theodore Watkins was removed from the Federal House of Detention at New York for transfer to the United States Penitentiary at Atlanta, Georgia. On January 24,1966 the New York area office of the New York State Division of Parole received notice that the warrant for violation of parole was on file as a detainer and that the anticipated date of availability to this warrant was February 13, 1969.
At the time of the said Theodore Watkins’ reparole from Sing Sing Prison on January 19, 1965, the maximum expiration date of sentence was shown as April 26, 1983.
This court previously considered a similar application of the petitioner which was denied on the authority of People ex rel. Rainone v. Murphy (1 N Y 2d 367). (Watkins v. New York State Bd. of Parole, Mr. Justice Conway, Albany Special Term, Jan. 12, 1968.) It appears that the application pertained to satisfaction of the December 23, 1952 sentence. In any event, what the prisoner here claims is that he was not loaned to the Federal authorities for prosecution purposes, but was turned over to them for prosecution and sentence. Thus he says ‘! that he cannot be returned to New York as that State lost all further claims of jurisdiction upon surrendering him to Federal jurisdiction ’ ’. In effect he claims that upon an acquittal 'of the Federal charges he would have been immune from further imprisonment on the New York State sentence.
I find otherwise. Under section 218 of the Criminal Code, the Parole Board’s declaration of delinquency is the controlling feature which interrupts his sentence. Further, interruption of the parolee’s sentence continues not until his return to the custody of the Parole Board, but rather until the prisoner is returned to “an institution under the jurisdiction of the commissioner of correction.” (See People ex rel. Petite v. Follette, *656 24 N Y 2d 60.) As Associate Judge Jasen stated in the Petite case (p. 65): “ The board’s action in turning respondent over to the city authorities for arraignment and prosecution * * * merely facilitated his right to a speedy trial on the new charge as contemplated by the statutes.” (U. S. Const., 6th Amdt.; Smith v. Hooey, 393 U. S. 374.)
Section 219 of the Correction Law is also applicable: “ § 219: * * * If any prisoner while on parole from an institution under the jurisdiction of the commissioner of correction shall commit a crime under the laws of another state, government or country and if he shall be convicted of such crime or offense he may, if returned to such an institution, be compelled to serve therein the portion remaining of the maximum term of the sentence ”.
Other contentions of the petitioner prisoner are without merit. A parole officer has the power to retake a parolee and cause him to be temporarily detained. (Correction Law, § 215.) The obvious purpose of the retaking was to secure the prisoner for the subsequent arrest by the Federal authorities; This procedure is a necessary step for law enforcement and does not violate any rights of the prisoner.
A final judgment is thereby granted by this court dismissing the proceedings and the prisoner is remanded to the Warden of Green Haven State Prison or the custody of the Parole Board in accordance with the imposed sentence and the detainer, whichever is applicable. This without prejudice to a hearing before the board in accordance with the Correction Law and the Rules of the Board of Parole applicable and further proceedings when the prisoner is physically present in this State.