The **UNITED STATES** of America ex rel. Ronald **SPAIN**, Plaintiff,

In the Matter of a Judgment Pursuant to: Title 28, Sec. (s), 2281–2284, of Interlocutory Injunction,

v.

Hon. Russell **OSWALD**, Commissioner of Corrections, Dept. of Correctional Services, Albany, New York, et al., Defendants.

No. 72 CR 73.

United States District Court,
E. D. New York.

Feb. 23, 1972.

Ronald Spain, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, Michael Colodner, Asst. Atty. Gen., for defendants.

BRUCHHAUSEN, Senior District Judge.

The plaintiff, now in State custody, moves for an interlocutory judgment, pursuant to 28 U.S.C. §§ 2281 and 2284.

Plaintiff was convicted of attempted robbery in the third degree in the Supreme Court, Kings County, and was sentenced on August 4, 1969, to an indeterminate term of 0 to 3 years (Mollen, J.). He received credit for 308 days jail time, and his maximum release date was thus October 31, 1971. He was conditionally released on October 13, 1970 with one year remaining to be served on his sentence. However, while on conditional release, he was arrested on May 4, 1971 for grand larceny, criminal possession of stolen property

and criminal impersonation. On May 11, 1971, he pleaded guilty to criminal possession of stolen property in Kings County Criminal Court and received a definite sentence of nine months (Hellenbrand, J.). Plaintiff made a motion for resentence, and, on December 17, 1971, by consent, Judge Hellenbrand resentenced plaintiff to nine months nunc pro tunc and "recommend[ed]" to the Parole Board that plaintiff "be given consideration on parole time in light of this sentence."

Plaintiff completed service of this sentence on December 21, 1971, and was returned to the custody of the Parole Department. Pursuant to Sections 70.40 (1)(b) and (3)(b) of the New York Penal Law, he had to serve the remaining one year of his sentence that had been held in abeyance while he was on conditional release. His new maximum expiration date is December 21, 1972.

■ Plaintiff brings the instant action requesting an "interlocutory injunction" under 28 U.S.C. §§ 2281 and 2284 to declare unconstitutional Section 2193 of the Penal Law, Section 218 of the Correction Law and "other statutes" and to grant a temporary restraining order. He claims that his sentence cannot be extended beyond its original expiration date, that he was not given a hearing on his parole revocation, and that he should be credited on his first sentence for the time he spent serving his second sentence. These claims are baseless.

In the first place, plaintiff must first bring this action in the state courts, as he is requesting his release from custody and must satisfy the exhaustion of state remedies requirement of 28 U.S.C. § 2254(d). United States ex rel. Gentile v. Mancusi, 426 F.2d 238 (2nd Cir. 1970). Plaintiff cannot circumvent the habeas corpus exhaustion requirement by calling his action one for injunctive relief. See Martin v. Roach, 280 F.Supp. 480 (S.D.N.Y.1968); Greene v. State of New York, 281 F.Supp. 579 (S.D.N.Y.1967); Duncombe v. State of New York, 267 F.Supp. 103, 109

(S.D.N.Y.1967); Lombardi v. Peace, 259 F.Supp. 222 (S.D.N.Y.1966).

■■ To the extent that plaintiff is requesting that certain state statutes be declared unconstitutional, he has failed to serve any summons or complaint on defendants pursuant to 28 U.S.C. §§ 2281 and 2284, and so has not commenced a proper action. Furthermore, the statutes that he wishes to declare unconstitutional, Section 2193 of the Penal Law and Section 218 of the Correction Law, have no applicability to plaintiff, as they pertain only to pre-1968 convictions under the old Penal Law. Plaintiff was convicted in 1969. Plaintiff's allegation as to the unconstitutionality of "other statutes" does not state a claim. However, even if plaintiff's claims can be considered on the merits, they are clearly meritless.

■ Both the New York and federal courts have consistently held that a sentence can be interrupted by a declaration of parole delinquency, and that the sentence does not begin to run again until the return of the parolee to the jurisdiction of the parole authorities. See New York Law, § 70.40(1)(b), (3)(b); Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Avellino v. United States, 330 F.2d 490 (2d Cir. 1963), cert. denied 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336, reh. den. 379 U.S. 985, 85 S.Ct. 671, 13 L.Ed.2d 578; Chieppa v. Krimsky, 169 F.Supp. 337 (S.D.N.Y.1959). See also People ex rel. Petite v. Follette, 24 N.Y.2d 60, 298 N.Y.S.2d 950, 246 N.E.2d 722 (1969); Matter of Perillo v. State Board of Parole, 4 A.D.2d 355, 165 N.Y.S.2d 139 (3rd Dept. 1957), aff'd 4 N.Y.2d 1013, 177 N.Y.S.2d 523, 152 N.E. 2d 540 (1958). Plaintiff's sentence thus has not been unconstitutionally extended, and he must serve the remainder of his sentence that was held in abeyance pursuant to the explicit mandate of Penal Law §§ 70.40(1)(b) and (3)(b).

■ Nor can plaintiff claim that he is constitutionally entitled to receive credit for the time he was out on con-

ditional release prior to his violation of the terms of his conditional release. The federal law concerning parole is identical to New York's conditional release law in that if parole is violated, the time spent on parole up until the time of the violation does not diminish the sentence. 18 U.S.C. § 4205. This provision has been uniformly upheld as constitutional. Moore v. Smith, 412 F.2d 720 (9th Cir. 1969); Weathers v. Willingham, 356 F.2d 421 (8th Cir. 1966); O'Callahan v. Attorney General, 351 F.2d 43 (1st Cir. 1965), cert. den. 382 U.S. 1017, 86 S.Ct. 632, 15 L.Ed.2d 531.

 Plaintiff could only receive credit for the time spent serving his second sentence if he had been acquitted of the charges based on the second arrest. Penal Law § 70.40(3) (c) (ii). If he was convicted of the new charge, as here, he would not receive any credit toward his prior conviction, and the jail time served would get credited to the second conviction. Penal Law § 70.30(3). Plaintiff has no constitutional right to have a valid nine month sentence for one crime credited to an unserved sentence for a totally unrelated crime. Zerbst v. Kidwell, supra. Plaintiff additionally alleges that he should get credit for these nine months on his prior sentence because the sentencing judge made the suggestion that he be so credited. This does not mandate any judicial interference. New York law states that a definite sentence shall be consecutive to any prior sentence if the judge fails to specify whether it is to be concurrent or consecutive. Penal Law § 70.25 (1) (b). Just before plaintiff completed service of his nine month definite sentence, he apparently made a motion before the sentencing judge to have that sentence run concurrent with his prior sentence on which he owed time. Judge Hellenbrand did not rule, as he had full power to do, that the sentences be concurrent. Instead, he resentenced plaintiff to nine months and ordered that "This Court recommends to Parole Commission that defendant be given con-

sideration on parole time in light of this sentence."

This recommendation does not mean that plaintiff can be given actual credit on his first sentence so as to change his maximum 'release date; that can only be done by the courts making the sentences concurrent. The only impact of Judge Hellenbrand's recommendation is that the Parole Board, in its discretion, may parole plaintiff at an earlier date, so that his sentence may be completed outside the confines of the prison. Whether the Parole Board decides to parole plaintiff is a decision completely in the hands of the Parole Board and not subject to judicial review. United States ex rel. Weber v. New York, 316 F.2d 603, 604–605 (2nd Cir. 1963), cert. den. 375 U.S. 822, 84 S.Ct. 62, 11 L.Ed. 2d 56 (1963).

 In any event, whether two sentences for unrelated crimes are consecutive or concurrent under New York law does not present a federal constitutional claim. See Ramirez v. Arizona, 437 F.2d 119 (9th Cir. 1971); Adams v. Eyman, 418 F.2d 911 (9th Cir. 1969); Grossnickle v. Alabama, 415 F.2d 864 (5th Cir. 1969); Johnson v. Beto, 383 F.2d 197 (5th Cir. 1967), cert. den. 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968); Jones v. Henry, 317 F.Supp. 1400 (E.D. No. Carolina 1970); Rice v. Schmidt, 277 F.Supp. 811 (E.D.Wis. 1967). If plaintiff desires a further clarification of Judge Hellenbrand's sentence, his remedy is to move for resentence before that Judge or to appeal 'the resentence in the state courts.

Plaintiff's claim that he has not had a parole revocation hearing is baseless. He appeared before the Parole Board at Ossining on February 2, 1972, and after considering plaintiff's entire record, the Parole Board determined that he be held until his maximum expiration date of December 21, 1972.

Upon due deliberation, it is ordered that the plaintiff's motion be and it is hereby denied and this proceeding be and hereby is dismissed.