**Pasquale PAVIA**

v.

**PAROLE DIRECTOR, STATE OF NEW YORK.**

No. 73–C–559.

United States District Court,
E. D. New York.

Nov. 5, 1973.

Pavia, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y. by Robert S. Hammer, Asst. Atty. Gen., for defendant.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

On January 2, 1973 petitioner submitted a petition for a writ of habeas corpus to the United States District Court for the Northern District of Georgia, Atlanta Division. By order dated February 16, 1973 Judge Newell Edenfield of that court transferred the matter to the United States District Court for the Southern District of New York for the reason that a disposition of petitioner's motion would require inquiry into proceedings that took place in New York and which involved records of the New York State Division of Parole. On April 16, 1973 Judge Edward Weinfeld of the United States District Court for the Southern District of New York ordered that the case be transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 2241(d) (1971).

Petitioner challenges neither the federal conviction for which he is now incarcerated nor the previous state conviction upon which a detainer warrant is now based, but rather challenges the detainer warrant itself. Petitioner alleges the following facts. After he pleaded guilty to robbery in the third degree in Queens County on November 9, 1963 he was sentenced to a term of imprisonment of from five to ten years and incarcerated at Sing Sing Prison. Parole was granted on November 21, 1968 but petitioner was arrested by federal authorities on April 17, 1969. Bail was set at $50,000 because the New York State Division of Parole had issued a parole violation warrant against petitioner. While he was in the Federal Detention Center at West Street, New York, New York awaiting disposition of the federal charges, Mr. Thomas Devine, a "federal narcotics agent," visited him and offered to arrange for the with-

drawal of the state parole violation warrant if petitioner would cooperate with federal authorities. Petitioner agreed and a Mr. DePhilips of the New York Division of Parole was sent to see him. Mr. DePhilips also agreed to the bargain and said the warrant would be withdrawn. On November 6, 1969 petitioner's bail was reduced to $3,500 after the warrant had been withdrawn.

Contrary to his bargain, petitioner admits, he did not assist the agents and about three months later he deliberately attempted to evade the agents. He was rearrested on December 15, 1970 by federal authorities and a New York State detainer warrant was lodged against him. After pleading guilty to the federal charge he was sentenced on January 11, 1971 to ten years imprisonment. He was incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania where on March 15, 1971 a caseworker notified petitioner that the detainer warrant had been "dropped." Later that same day he was notified that a new detainer warrant had been lodged against him.

■ Petitioner argues that when New York State withdrew its parole violation warrant against him while he was in the West Street Detention Center, it forever lost jurisdiction over him. The state authorities withdrew their warrant so that petitioner's bail could be reduced allowing him to be released to cooperate with the federal authorities. Pursuant to Section 212(6) of the New York Correction Law (McKinney's Consol. Laws, c. 43, Supp.1972), persons who are paroled are in the legal custody of the Board of Parole until expiration of the maximum term of the sentence. A declaration of delinquency by the Board of Parole interrupts the prisoner's sentence, New York Correction Law § 218 (McKinney 1968), so that the period during which a paroled prisoner is delinquent is not counted toward his term of sentence. People ex rel. Petite v. Follette, 24 N.Y.2d 60, 298 N.Y.S.2d 950, 246 N.E.2d 722 (1969); United States ex rel. Spain v. Oswald, 342 F.Supp. 97 (E.D.N.Y.1972). The withdrawal of a warrant or detainer cannot remove the paroled prisoner from the Board's custody; it can only start the period of the sentence running again. The only way that the Board's "jurisdiction" might be lost is if the prisoner's sentence itself has expired, New York Correction Law § 212(6) (McKinney Supp.1972), and no such allegation has been made in this case.

■ Petitioner cites Balsley v. Commonwealth of Kentucky, Ky., 428 S.W.2d 614 (1967), in support of his position. It was there held that release of a state prisoner to federal authorities for trial on a federal charge without statutory authority terminated the jurisdiction of the state over him and that a state warrant and detainer therefore should have been voided. The Supreme Court of Kentucky in Schaffner v. Commonwealth of Kentucky, Ky., 433 S.W.2d 852 (1968) limited its ruling in Balsley. There a prisoner on state parole was in federal custody when the state detainer against him was lodged. The court held that the state could lodge a detainer with the federal authorities. The facts there are identical to those in the present case. In addition, the ruling in Balsley depended on lack of statutory authority, a situation not present in this case. New York Correction Law § 219 (McKinney 1968); Watkins v. State of New York, 60 Misc.2d 653, 303 N.Y.S.2d 242 (Supreme Court, Special Term, Albany County) (1969); United States ex rel. Williams v. Fitzpatrick, 299 F.Supp. 260 (S.D.N.Y.1969).

Accordingly, the petition for a writ of habeas corpus is without merit and is therefore dismissed.

So ordered.