Warren GRAVES, Plaintiff-Appellant,

v.

Ennis J. OLGIATI, Chairman of the New York State Board of Parole, Defendant-Appellee.

No. 813, Docket 76–2111.

United States Court of Appeals, Second Circuit.

Submitted March 7, 1977.

Decided March 7, 1977.

Warren Graves, appellant pro se.

Burton Herman, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of N. Y. and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and MULLIGAN, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

We are once again confronted with a prisoner's appeal from a *sua sponte* dismissal of the *pro se* civil rights complaint he filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 in the Northern District of New York.[1] While we believe that Judge Port erred in dismissing the action on the ground that it was barred by *res judicata,* it is nevertheless clear that appellant Warren Graves's complaint falls into that narrow category of cases where dismissal prior to receiving a responsive pleading is proper because the constitutional claims asserted are "patently without merit." *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Graves alleges that he was arrested for attempted rape on June 17, 1974. At that time he was under the supervision of the New York Parole Board for a previous burglary conviction. On August 1, 1974 the Board issued, but did not execute, a parole violator warrant and declared Graves delinquent as of June 17. The appellant was tried and convicted of attempted rape on May 5, 1975—some four months after the legal termination date of the sentence he received for the burglary conviction. Graves thereafter was sentenced to a term of three to six years imprisonment.

The appellant appeared before the Parole Board on March 16, 1976. Parole was denied because, in the words of the Board:

You were under parole supervision on a burglary charge at the time of the arrest and conviction of the instant offense. Your release at this time would be a mockery of justice.

The appellant has extracted from this language the allegation that the Board unconstitutionally had extended the termination date of his burglary sentence from January 5, 1975 to May 23, 1976. Moreover, according to Graves, the Board "surreptitiously" had relodged its August 1, 1974 parole violator warrant after it had been dissolved on January 5, 1975, the legal expiration date of the burglary sentence.

Graves first challenged the Board's actions in an Article 78 proceeding in state court. Careful examination of both the hearing transcript and the opinion of Cayuga County Supreme Court Justice Robert E.

---

1. We have commented recently on premature dismissals in the Northern District. See e. g. *Lewis v. State of New York,* 547 F.2d 4 (2d Cir. 1976); *Cunningham v. Ward,* 546 F.2d 481 (2d Cir. 1976). In this case, however, as distinguished from *Lewis,* the State has not raised the question of its non-service with process. Indeed, it has briefed its argument that the complaint was insufficient and defends, as it refused to do in *Lewis,* the propriety of Judge Port's order.

White reveals that Graves challenged only the statutory authority of the Parole Board to revise the expiration date of his burglary sentence, and the adequacy of the reasons provided for refusal of parole on March 16, 1976.[2] Justice White denied relief.[3] In his view the parole violator warrant, issued at the time of the arrest for attempted rape, served as a detainer. When the expiration of the burglary sentence was reached, with Graves still awaiting trial on the new charge, the detainer warrant temporarily was lifted in order that Graves could be enlarged on the bail which was posted. Then, when Graves was convicted on the attempted rape charge, the Parole Board declared him delinquent, and ordered that the remainder of the burglary sentence, which had been held in abeyance, N.Y. Penal Law § 70.40(3); *People ex rel. Petite v. Follette*, 24 N.Y.2d 60, 298 N.Y.S.2d 950, 246 N.E.2d 722 (1969), be served concurrently with the term of three to six years imposed for the attempted rape conviction.

■ Since Graves did not raise, and Justice White did not address, arguments concerning the constitutionality of the Board's action, we are puzzled at Judge Port's decision to dismiss the § 1983 claim on the ground that it was barred by the doctrine of *res judicata*. 42 U.S.C. § 1983 provides a federal remedy in addition to any given by the state, and the state remedy need not first be sought and refused before federal law is invoked pursuant to § 1983, *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The district court was correct in asserting the principle of law that a claim under § 1983 will not be entertained in federal court once a litigant unsuccessfully has raised the identical issue in state proceedings. *Lackawanna Police Benev. Ass. v. Balen*, 446 F.2d 52 (2d Cir. 1971); *Thistlethwaite v. City of New York*, 497 F.2d 339 (2d Cir.), *cert. denied*, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974); *Lombard v. Board of Education*, 502 F.2d 631 (2d Cir. 1974), *cert. denied*, 420 U.S. 976,

95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). But that simply is not what happened here.

Despite this, Graves's complaint was properly dismissed because, in the language of the Supreme Court, the federal claims are "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). *See also Lewis v. State of New York*, 547 F.2d 4 (2d Cir. 1976); *Cunningham v. Ward*, 546 F.2d 481 (2d Cir. 1976).

■ Graves's major claim is that his constitutional rights were violated when the Parole Board "extended" the expiration date of his burglary sentence from January 5, 1975 to May 23, 1976. It is obvious to us, however, that the Board merely had exercised its statutory authority and determined that service of the burglary sentence had been interrupted by the declaration of delinquency and did not resume until Graves was returned "to an institution under the jurisdiction of the state department of correction." N.Y. Penal Law § 70.40(3). And the constitutionality of holding a sentence in abeyance from the initial date of parole delinquency until the parolee's return to custody for the violation is unassailable. *See Zerbst v. Kidwell*, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); *Avellino v. United States*, 330 F.2d 490 (2d Cir.), *cert. denied*, 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336 (1964); *U. S. ex rel. Spain v. Oswald*, 342 F.Supp. 97 (E.D.N.Y.1972). *See also People ex rel. Petite v. Follette, supra.*

■ Graves also vaguely contends that he was entitled to an immediate parole revocation hearing when the detainer issued. This argument is now foreclosed by the Supreme Court's recent decision in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), holding that a parolee is not entitled to an evidentiary hearing before expiration of the sentence he received for commission of the crime that constituted a violation of the terms of his parole. See also *Zurak v. Regan*, 550 F.2d 86 (2d Cir. 1977). Moreover, since the principal

---

2. Graves has since abandoned this contention.

3. Graves had requested outright release or, in the alternative, a new hearing before the Parole Board.

benefit of an early hearing is the opportunity for the detainee to serve his sentences concurrently, *cf. Moody v. Daggett, supra,* 429 U.S. at 80–83, 97 S.Ct. 274, we are hard pressed to ascertain how Graves was injured. It is clear from the transcript of the Article 78 proceeding that the appellant was permitted to serve the remainder of his burglary sentence concurrently with the term of imprisonment imposed for the attempted rape conviction, and the burglary sentence has now expired. Thus the conceded validity of incarceration for the latter conviction precludes Graves from contending that a constitutionally protected liberty interest was violated by concurrent service of the unexpired portion of his burglary sentence. *See Moody v. Daggett, supra.*

The order of dismissal is vacated and the case remanded with instructions that the complaint be dismissed as frivolous.