And it is so ORDERED.

**Anthony DI ROSA, an enrolled member of the Right to Life Party of the State of New York, on behalf of himself and all others similarly situated, and Thomas Schiliro, an aggrieved candidate, Plaintiffs,**

v.

**Isabel R. DODD and Stanley Harwood, as Commissioners of the Nassau County Board of Elections, The Committee to Elect Guy Mazza, The Committee to Elect Joseph Curran, Mary Jane Tobin, Individually and as Chairperson of the Right To Life Party of the State of New York, Robert Abrams, as Attorney General of the State of New York, Defendants.**

No. CV–81–1137.

United States District Court, E. D. New York.

May 5, 1981.

---

## MEMORANDUM OF DECISION AND ORDER

·COSTANTINO, District Judge.

This action arises from a Special Election held on April 7, 1981 to fill a vacant assembly seat in the Thirteenth Assembly District in Nassau County, New York. It is the plaintiffs' position that the nominating procedures of the Right to Life Party of the State of New York are constitutionally defective and give rise to claim under 42 U.S.C. § 1983 in that the State Chairperson of the Right to Life Party can, under certain circumstances, nominate a non-party candidate without any prior consultation with party members in the electoral district where the election is to be held. Plaintiffs maintain that the failure to allow Right to Life Party members residing in the Thirteenth Assembly District to participate in the selection of a candidate was a denial of the right to a "one-man, one-vote" election.

Before proceeding with the facts of this case, a brief description of the two plaintiffs is in order: Anthony Di Rosa ("Di Rosa"), who is acting on behalf of himself and all others similarly situated, is a duly qualified and enrolled member of the Right to Life Party of the State of New York, residing in Kings County, New York; and the other plaintiff, Thomas Schiliro ("Schiliro"), is an aggrieved Democratic candidate of the Special Election, residing in the Thirteenth Assembly District, Nassau County, New York.

The plaintiffs have moved for a preliminary injunction to restrain the Nassau County Board of Elections from certifying Guy Mazza ("Mazza"), as the winner of the Special Election. The defendant Committee to Elect Mazza has cross-moved to dismiss the action on the grounds that one, the nomination rules of the Right to Life Party are constitutionally valid, and two, that the court is without jurisdiction to entertain the suit since the claims herein have been fully litigated before the New York State courts and are thus barred by the doctrine of *res judicata*. Moreover, the defendant Mary Jane Tobin ("Tobin"), Chairperson of the New York State Right to Life Party, has challenged Di Rosa's standing before this court since he is a resident of the Thirty-ninth Assembly District in Kings County, New York, and thus, has no personal stake in the outcome of the case. In addition, Tobin also takes issue with Schiliro's standing in that Schiliro is a Democrat, and consequently, has no standing to challenge the Party rules of the Right to Life Party. For reasons set forth below, the defendants' motions to dismiss are granted in all respects.

## BACKGROUND

On March 3, 1981, Governor Hugh L. Carey issued a proclamation directing that a Special Election be held on April 7, 1981 to fill a vacant assembly seat in the Thirteenth Assembly District, Nassau County. For that election, the plaintiff Schiliro was nominated by the Democratic Party; Joseph Curran was nominated by the Conservative Party; and Mazza, a Republican, was nominated by both the Republican Party and the Right to Life Party. The official vote of the Board of Canvassers determined that Mazza was the winner [1] with the margin of victory being those votes received under the Right to Life designation.

The focus of the dispute in this proceeding is directed toward the nomination or

---

1. The official vote by the Board of Canvassers was:

| | | |
|---|---|---|
| GUY R. MAZZA (Republican) | | 7,047 |
| GUY R. MAZZA (Right To Life) | | 848 |
| Total MAZZA vote | | 7,896 |
| THOMAS SCHILIRO (Democrat) | | 7,167 |
| JOSEPH CURRAN (Conservative) | | 606 |

selection of Mazza to run on the Right to Life ticket as a non-party candidate. Thus, the balance of the facts will be dedicated to this aspect of the election and the procedures used by the Right to Life Party to nominate Mr. Mazza.

Section 6–114 of New York Election Law ("Election Law") provides that "[p]arty nominations for an office to be filled at a special elections shall be made in the manner prescribed by the rules of the party." In addition, section 6–120(3) of the Election Law provides that a non-party candidate must receive the authorization of a party committee for a political subdivision or from "such other committee as the rules of the party may provide" to run for office under that party's banner. Since the Right to Life Party has no county, town, or village committee within Nassau County and since the State Committee of the Right to Life Party was not in session at the time nominations for the Special Election were to be submitted, Article V, Section 8 of the Party rules of the Right to Life Party authorized Tobin as State Chairperson of the Party to make the nomination.[2]

Accordingly, on March 13, 1981, a Certificate of Nomination purporting to nominate Mazza as the Right to Life candidate was filed in the office of the Board of Elections for Nassau County with the nomination certificate signed solely by Tobin as Chairperson of the Right to Life Party. Thereafter, Suzanne Bartczak ("Bartczak") filed an objection to the nomination of Mazza, and on March 23, 1981 at a meeting of the Nassau County Board of Elections, two members of the Board voted to decide whether the Certificate of Nomination complied with Section 6–120 of the Election Law. They split their vote, and consequently, the contested Certificate of Nomination of Mazza was presumed valid.

Schiliro and Bartczak then commenced an action in Supreme Court, Nassau County to invalidate the Certificate of Nomination of Mazza as the Right to Life candidate. In dismissing the action, Judge Delin of the Supreme Court, Nassau County, ruled that the nomination of Mazza was carried out in compliance with both the New York Election Law and the Rules and Regulations of the Right to Life Party. This holding was affirmed by the New York State Supreme Court, Appellate Division, Second Department, and on April 3, 1981, the decision was affirmed by the New York State Court of Appeals.

The plaintiffs are now before this court on the basis of 42 U.S.C. § 1983. In response to any defense of *res judicata* or collateral estoppel, plaintiffs maintain that the state courts never addressed the question of the constitutionality of the nomination procedures of the Right to Life Party, and thus, these doctrines are inapplicable in the case at bar. Before addressing the applicability of any *res judicata* theory and before focusing on the plaintiffs' standing problems, the court will set forth the plaintiffs' constitutional arguments as this will allow the balance of the opinion to follow logically.

## PLAINTIFFS' ARGUMENT

Plaintiffs contend that it is a denial of a constitutional right to "one-man, one-vote", *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *see Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), to allow one person, in this case the State Chairperson of the Right to Life Party, to nominate a candidate for office. Plaintiffs argue that the Election Law stat-

2. Article V, Section 8 of the Rules and Regulations of the Right to Life Party is set forth below:

The State Chairman shall have the power to act for the full State Committee when such State Committee is not in session, or stands in recess. The State Chairman shall conduct the affairs of the Right To Life Party. The State Chairman shall in Counties, Towns or Villages of the State wherein no County, Town or Village Committee of the Right to Life Party elected pursuant to the Election Law is in existence, exercise and discharge within such Counties, Towns or Villages, all of the powers, functions, and duties of a County, Town, or Village Committee, including but not limited to, the power and authority to nominate candidates for public office in Town or Village elections.

utes, specifically Election Law §§ 6–114 and 120(3), require nominating procedures of party organizations to operate through committees. Nonetheless, under certain circumstances, the Right to Life Party Chairperson, alone, is authorized to make nominations throughout the State without any in-put from local party members. Plaintiffs maintain that no party who invokes the authority of the state by placing a person on the ballot should be allowed to dilute or remove the right of a party member in an area to have some input in the nomination process.

There is support in this circuit for plaintiffs' position. More specifically, in *Seergy v. Kings County Republican Committee,* 459 F.2d 308 (2d Cir. 1972), the Court of Appeals noted that "[i]n those rare instances where committeemen perform public electional functions (*e. g.,* the nomination of candidates to fill vacancies ... ) ..., the ... committee is required ... to apply the one-man, one-vote principle." *Id.* at 314. In an expanded application of this holding, the Second Circuit in *Montano v. Lefkowitz,* 575 F.2d 378 (2d Cir. 1978) considered a situation similar to the one at bar. In *Montano,* a Special Election was called to fill a Congressional seat in Bronx County. Pursuant to Election Law § 6–114 and the rules of the Democratic, Republican, Conservative, and Liberal parties, the parties' executive committees for the counties in which the electoral district was located were authorized to nominate a candidate. Many delegates to the executive committees, however, were elected by electoral districts with no relationship to the Congressional district where the election was to be held. Under this arrangement, delegates from foreign districts in reality selected the local district's candidates. The votes and power of the particular electoral district where the Special Election was to take place were thus diluted since local party members had little or no control over the nomination of Congressional candidates.

In striking down this nomination method as violative of "one Democrat, (or Liberal, etc), one vote" principle, *id.* at 380, Judge Friendly noted that

> It is simply inconsistent with the concept of election of Representatives by districts that a candidate should be chosen in part by persons outside the district elected to these posts as such.

*Id.* at 385. Judge Friendly cautioned, however, that this holding was not necessarily applicable to nominations for vacancies in "state elective offices." *Id.* at 387, n. 17.

There is obviously a question whether this rule will survive in light of the Supreme Court's holding in *Democratic Party v. LaFollette,* —— U.S. ——, 101 S.Ct. 1010, 67 L.Ed.2d 82 (1981) and the Second Circuit's ruling in *Mrazak v. Suffolk County Board of Elections,* 630 F.2d 890 (2d Cir. 1980).[3] Regardless, this court will not address the continued validity of *Seergy* and *Montano* because certain procedural problems preclude this court from reaching the merits of plaintiffs' case.

## STANDING OF DI ROSA AND SCHILIRO

Di Rosa, a member of the Right to Life Party, comes before this court on behalf of himself and for those similarly situated in the class, and Schiliro, a Democrat, alleges injury as an aggrieved candidate of the Special Election. It is unquestioned that Di

---

**3.** In *Mrazek v. Suffolk County Board of Elections, supra,* the Second Circuit has apparently retreated from its prior holdings in *Seergy* and *Montano* when applied to state office elections. In *Mrazek,* the court held that the "one-man, one-vote" principle is not violated when "members of a political party residing outside a particular political district are permitted under state law and party charter to participate in the nomination of non-party candidates seeking to represent that district in the state legislature." *Mrazek v. Suffolk County Board of Elections, supra,* 630 F.2d at 891–92, 898. While the facts in *Mrazek* are dissimilar to those at bar, the logical next step would be to dismiss plaintiffs claims on the merits because, as the *Mrazek* court noted, "impinging upon the autonomy of local subdivisions to select non-party candidates [for state office] ... is not violative of the guarantee of one-person, one-vote." *Id.* at 898.

Rosa is a member of the Right to Life Party and is a resident of the Thirty-ninth Assembly District in Kings County, New York. Moreover, it is conceded that Di Rosa was not a party to the proceedings in the New York State courts and that Schiliro, in seeking office on the Democratic ticket, never sought the nomination of the Right to Life Party. The issue, however, is whether these two plaintiffs have been injured as a result of the alleged unconstitutional actions of the Right to Life Party.

█ As with all standing questions, the central issue is whether the alleged impropriety giving rise to a cause of action will have an effect on the plaintiff personally, *Simon v. Eastern Kentucky Welfare Rights*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *see Des Verges v. Seekonk*, 601 F.2d 9 (1st Cir. 1979); *Frissel v. Rizzo*, 597 F.2d 840 (3d Cir.), *cert. denied*, 444 U.S. 841, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Finch v. Mississippi State Medical Association*, 585 F.2d 765 (5th Cir. 1978), and whether "he, himself, has been exposed to some actual or threatened injury." *Frissel v. Rizzo, supra*, 597 F.2d at 843.

█ More specifically, the Supreme Court in *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), set forth a two-fold test to determine whether a litigant has standing before a court:

[f]irst, whether the plaintiff-respondents allege "injury in fact" that is a sufficiently concrete interest in the outcome of their suit to make it a case or controversy subject to a federal court's Art. III jurisdiction, and second, whether as a prudential matter, the plaintiff-respondents are proper proponents of the particular legal rights on which they base their suit.

*Id.* at 112, 96 S.Ct. at 2873. *See Warth v. Seldin, supra*, 422 U.S. at 498–500, 95 S.Ct. at 2204; *Friedman v. Harold*, 638 F.2d 262, 265 (1st 1981);

█ It is abundantly clear that in no respect does Di Rosa have standing before this court. The thrust of the complaint in this action is that the voting rights of the members of the Right to Life Party in the Thirteenth Assembly District have been diluted by the unilateral nomination of Mazza by Ms. Tobin to represent the Right to Life Party in the Special Election. As noted, Mr. Di Rosa resides in the Thirty-ninth Assembly District in Brooklyn. Di Rosa's right to a "one-man, one-vote" election has not been violated because as a resident of the Thirty-ninth Assembly District, he had no right either to vote in the Special Election or to have any direct input into the nomination process. Since he had absolutely no rights with reference to the Special Election, his vote could not have been diluted by the Right to Life Party's alleged impropriety. Thus, Di Rosa's failure to meet the first prong of the *Singleton* test, i. e. injury in fact, requires this court to dismiss his claim on jurisdictional grounds. *Singleton v. Wulff, supra; Warth v. Seldin, supra; see Multisale Tax Commission v. International Harvester*, 639 F.2d 493 (9th Cir. 1981); *Friedman v. Harold, supra; Carey v. Klutznick*, 637 F.2d 834 (2d Cir. 1980); *City of Philadelphia v. Klutznick*, 503 F.Supp. 663 (E.D.Pa.1980); *see also Montano v. Lefkowitz, supra*, 575 F.2d at 378, n.5; *Mrazek v. Suffolk County Board of Elections*, 471 F.Supp. 412 (E.D.N.Y.1979), *aff'd*, 630 F.2d 890 (2d Cir. 1980).

█ Moreover, since Di Rosa lacks standing, he cannot represent the class because Fed.R.Civ.P. 23(a) requires that the claims of the class representative must be typical of the class as a whole.[4] As Chief Judge Burger noted in *Allee v. Medrano* 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974):

[a] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate injury on standing which he does not share.

---

4. The class before the court neither applied nor received certification.

*Id.* at 828–829, 94 S.Ct. at 2206 (Burger, C.J. concurring.) Likewise, the Supreme Court in *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed. 669 (1974), held that "if none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Id.* at 494, 94 S.Ct. at 675.

Since Di Rosa has no standing, he cannot bring a class action for the equitable relief sought in the complaint. *See Davis v. Ball Memorial Hospital Association*, 640 F.2d 30 (7th Cir. 1980) *Haas v. Pittsburgh National Bank*, 526 F.2d 1083 (3d Cir. 1975); *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 522 F.2d 1235 (6th Cir. 1975), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976); *Lecci v. Cahn*, 493 F.2d 826 (2d Cir. 1974). Accordingly Di Rosa's complaint and the complaint of the class are dismissed.

With regard to Schiliro, it is arguable that he, like Di Rosa, has no standing to challenge the nomination procedures of the Right to Life Party because, as a Democrat, his right to select a candidate for the Right to Life Party has unquestionably not been denied. *Mrazek v. Suffolk County Board of Elections, supra*, 630 F.2d at 896, n.10. Nonetheless, it could also be argued that the "unconstitutional" method by which the Right to Life Party selected Mazza directly injured Schiliro because without the Right to Life votes, Mazza would have lost the election to Schiliro. *Id. See supra*, note 1.

■ Nonetheless, even assuming *arguendo* that Schiliro has been injured by the Right to Life Party's nomination procedures, he still lacks standing under the second prong of the *Singleton* test which requires that the plaintiff be the "proper [proponent] of the particular legal [right] on which [he bases his] suit." *Singleton v.*

*Wulff, supra*, 428 U.S. at 112, 96 S.Ct. at 2873. The proper proponent of any constitutional wrong in this case is any member of the Right to Life Party residing in the Thirteenth Assembly 'District because this person or persons are the voters who were not afforded the opportunity to select a candidate for the Special Election. Since Schiliro is not the proper party to bring this alleged constitutional violation before this court, he lacks standing, and his complaint must likewise be dismissed. *Singleton v. Wulff, supra; Warth v. Seldin, supra; Friedman v. Harold, supra; Mrazek v. Suffolk County Board of Elections, supra; Frissell v. Rizzo, supra.*

## RES JUDICATA

■ In addition to being without standing, Schiliro's § 1983 claims are also barred by *res judicata*. *Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).[5] *See Partido Nuevo Progresista v. Perez*, 639 F.2d 825, 826 n.2. (1st Cir. 1980). In the state courts, Schiliro along with Suzanne Bartczek contested the Right to Life Party's procedures through which Mazza received the nomination of the Party. Schiliro received an adverse decision before the Nassau County Supreme Court, the Appellate Division, Second Department, and the New York Court of Appeals. Nonetheless he contends that he never raised the constitutional aspects of the nomination procedure before the state courts, and he thus is not barred by *res judicata* from litigating the constitutional issue before this court.

There is considerable support in this Circuit for the proposition that in § 1983 actions, if a party seeks to litigate before a district court federal issues which could have been, but were not, raised in a prior state court action, he is not barred from doing so by the doctrine of *res judicata.*[6]

---

5. If Di Rosa had standing, the doctrine of raised *res judicata* would obviously not bar any claims set forth by Di Rosa since he was not a party to the prior state court proceedings.

6. Whether this ruling will live in the wake of the Supreme Court's ruling in *Allen v. McCurry, supra,* was specifically left unresolved by

that court. *Id.* at ——, 101 S.Ct. at 416, n.10. Cf. *Board of Education of City School District v. Hufstedler*, 641 F.2d 68, 71 (2d Cir. 1981) (whether other grounds for recovery were instituted in a prior proceeding will not bar a dismissal on the basis .of *res judicata* in a non–§ 1983 case.)

*Graves v. Olgiati,* 550 F.2d 1327 (2d Cir. 1977); *Lombard v. Board of Education,* 502 F.2d 631 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975); *contra Fernandez v. Trias Monge,* 586 F.2d 848 (1st Cir. 1978). Notwithstanding Schiliro's contentions, however, it appears from an examination of his brief submitted to the Appellate Division, Second Department that, in fact, he did present the constitutional question to the state courts. In Point One of the brief, Schiliro points up the alleged violations of the right to a "one-man, one-vote" election. Moreover, on page eight of the brief, Schiliro cites the two cases which he alleges afford him relief before this court, to wit, *Montano v. Lefkowitz, supra* ; and *Seergy v. Kings County Republican Committee, supra.* In addition, on page four of his decision, Judge Delin of the Supreme Court, Nassau County, refers to the constitutional issues as embodied in the Election Law when setting forth plaintiffs' argument. While no state court specifically addressed the constitutional question in its opinion, Schiliro did raise the constitutional question, and further, the state court by implication ruled on the constitutional challenge in concluding that the nomination was proper. These factors are sufficient to trigger the *res judicata* bar and thereby preclude a relitigation of those constitutional claims before this court. *Dieffenbach v. Attorney General,* 604 F.2d 187 (2d Cir. 1979).

Finally, while Schiliro might disagree with the state court determinations, there has been no allegations that Schiliro did not receive a full and fair hearing before the state courts. *Allen v. McCurry, supra,* —— U.S. ——, 101 S.Ct. at 415 (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). Moreover there have been no contentions that Election Law was facially unconstitutional, that the state procedural law did not allow a full litigation of the constitutional claims, and that the state procedural law was inadequate in practice. *See Allen v. McCurry, supra,* —— U.S. ——, 101 S.Ct. at

418 (citing *Monroe v. Pape,* 365 U.S. 167, 173–174, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961)). This court, therefore, has no basis to decline to employ the *res judicata* bar. Thus, since Schiliro presented this constitutional claim to the state court, this court must dismiss this action as to Schiliro on *res judicata* grounds.

Accordingly, the action is dismissed in all respects.

The plaintiffs have moved to stay the certification of Mazza until they are able to appeal this decision to the Second Circuit. Over the objection of the defendants, a stay of the certification is granted until May 8, 1981.

So Ordered