**UNITED STATES of America ex rel. Joseph X. ROBINSON, Petitioner,**

**v.**

**Vincent R. MANCUSI, Warden, Russell G. Oswald, Commissioner, and Company, at Attica Prison, Attica, New York, Respondents.**

Civ. No. 1972–58.

United States District Court,
W. D. New York.

March 8, 1972.

---

2. Accord: Restatement (Second), Conflict of Laws 2d, § 52, Comment b (1971).

 

in number and shorter in duration than those available to inmates in general population. The reply also alleges that petitioner receives only one shower a week instead of the normal two, and that he may not attend religious services, allegations not made in the petition and not discussed in the answering affidavit. It is not necessary to resolve the factual issues relating to recreation, shower and religious privileges, however, for the denial of messhall and work privileges indicate that petitioner's confinement "involves a harsh reduction of the privileges typically afforded inmates of general population." Carter v. McGinnis, 320 F.Supp. 1092, 1093 n. 1 (W.D.N.Y.1971). *See* United States ex rel. Walker v. Mancusi, 338 F.Supp. 311 (W.D.N.Y., Dec. 13, 1971).

It is settled that the conditions of confinement present in this case are sufficiently severe to require minimum due process safeguards, *see* United States ex rel. Walker v. Mancusi, *supra,* and that due process requires at least that the inmate be confronted with the accusation, informed of the evidence against him and afforded a reasonable opportunity to explain his actions. Sostre v. McGinnis, 442 F.2d 178, 194–199 (2d Cir. 1971). The answering affidavit states that petitioner "was in a Security Company and awaiting a disposition by Judge Fischer's investigative staff to determine whether or not there would be charges lodged against the [petitioner]" and that petitioner is "now housed in HBZ, since February 19, 1972, because of his participation in the riots of September 1971." That petitioner is confined because of his suspected participation in a prison disturbance, however, does not excuse depriving him of his right to due process. United States ex rel. Walker v. Mancusi, *supra*; Carter v. McGinnis, *supra*; Smoake v. Fritz, 320 F.Supp. 609 (S.D.N.Y.1970).

This court has not dictated which portions of respondent's own rules and regulations, "Procedures for Implementing Standards of Inmate Behavior and For Granting Good Behavior Time

---

Joseph X. Robinson, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York (Richard R. Jenczka, Asst. Atty. Gen., of counsel), for respondent.

CURTIN, District Judge.

In response to the court's order of February 2, 1972, respondent has submitted an answering affidavit by Leon J. Vincent, Deputy Superintendent at the Attica Correctional Facility, and petitioner has submitted a reply.

Mr. Vincent's affidavit admits that petitioner is housed in Housing Block Z and that he is not allowed to eat in the messhall or to work. The affidavit states that petitioner is permitted yard privileges, although the reply contends that the periods of recreation are fewer

Allowances," 7 N.Y.C.R.R., Chap. V, must be applied in situations such as this one, as long as the requirements of due process are met. *See* the second decision of this court, dated December 21, 1971, in United States ex rel. Walker v. Mancusi, *supra*. Yet the safeguards provided by Sostre v. McGinnis, *supra*, must be provided, and respondent's answering papers make clear that they have not been given in the instant case. The Adjustment Committee appearance provided to petitioner for a recent violation of the institution's rules and regulations, which violation resulted in his being keeplocked from January 10 to 21, 1971, does not cure the present confinement in H.B.Z. without the opportunity to know of the reason therefor and to respond.

Therefore, it is ordered that, within 72 hours of the filing of this decision, petitioner be given a hearing which fulfills the requirements of due process as outlined above. Petitioner may remain as confined pending the hearing. The court should be provided with copies of determinations and reports made as a result of the hearing.

The court will retain jurisdiction and will entertain motions seeking further relief.

So ordered.