Donald FRANKOS, Appellant,

v.

J. Edwin LaVALLEE, Superintendent of
Clinton Correctional Facility, et
al., Appellees.

No. 437, Docket 75–2121.

United States Court of Appeals,
Second Circuit.

Submitted Dec. 10, 1975.

Decided March 23, 1976.

On Rehearing May 25, 1976.

Donald Frankos, pro se.

Samuel A. Hirshowitz, First Asst. Atty. Gen. of New York (Louis J. Lefkowitz, Atty. Gen. of New York, David L. Birch, Deputy Asst. Atty. Gen. of New York, New York City, of counsel), for appellees LaVallee, Czarnetsky and Asadourian.

Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.

OAKES, Circuit Judge:

Appeal is from a summary dismissal before answer[1] and without hearing by the United States District Court for the Northern District of New York, James T. Foley, *Judge,* of a civil rights complaint (42 U.S.C. §§ 1983, 1985) by a prison inmate. The district court construed the complaint as one "really" involving dissatisfaction with appointed defense counsel's handling of a state murder charge arising out of a prison stabbing homicide. Accordingly, the court below considered that to grant relief would involve unwarranted federal interference with an on-going state court criminal prosecution, contrary to the principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

The sole question on appeal is whether or not the allegations of the complaint are sufficient to state a ground for relief. In making that determination, we follow the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957). Holding this pro se[2] complaint to less stringent standards than formal pleadings drafted by a lawyer, as we are required by *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, 653 (1972), we construe it as setting forth an action for declaratory relief and damages for (1) confining the appellant to solitary ("Unit 14") and interrogating him without benefit of counsel in a prison disciplinary proceeding for serious criminal conduct and (2) preventing him from consulting with counsel of his choice in order to "protect his rights" in the upcoming murder prosecution. A conspiracy to accomplish those ends is also alleged. We reverse and remand the judgment of dismissal as to the first claim and otherwise affirm.

The facts alleged, which we must take to be true, are as follows: On or about October 28, 1974, appellant was placed in solitary confinement for the stabbing of an inmate who died the following day. At disciplinary proceedings thereafter he was interrogated about the stabbing by defendant Superintendent LaVallee and others. At each interrogation, appellant requested, but was denied, legal assistance from fellow inmate Rosenberg. Subsequently outside counsel contacted by Rosenberg on appellant's behalf was refused access to appel-

---

1. Appellant's complaint was erroneously dismissed prior to service of summons as required by Fed.R.Civ.P. 4(a). While we cannot condone the procedure followed, we are able to proceed because all but defendant Wylie, as to whom we affirm the dismissal, submitted a brief in this appeal. *See Bauers v. Heisel*, 361 F.2d 581, 584 nn.2, 3 (3d Cir. 1966), *cert. denied*, 396 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967).

2. The pro se complaint was sworn to by appellant Frankos but evidently actually prepared by one Jerome Rosenberg, a fellow inmate acting as "next of friend and counsel" on behalf of Frankos. We treat the complaint, however, as if it were a pro se complaint even though it states that Rosenberg has law degrees and has appeared on behalf of inmates in federal and state court proceedings.

lant by Deputy Warden Czarnetsky on the basis that defendant Wylie had been appointed Frankos' counsel "by the state." Appellant contends that the Wylie appointment was merely an agreement between appellees LaVallee and Asadourian and defendant Wylie to prevent Rosenberg or outside counsel from representing or advising appellant. Upon appellant's inquiry, Wylie advised him that he had no right to notice of, or to appear at, a grand jury proceeding concerning the prison stabbing. Appellant contends that had he testified, the grand jury might not have returned the indictment against him for second degree murder.[3]

Insofar as the complaint is made that appellees LaVallee and Czarnetsky deprived appellant of counsel's assistance at the prison disciplinary proceedings, we believe he has stated a claim for relief. The question of constitutional right to counsel at prison disciplinary proceedings arising out of conduct which is also punishable criminally has not been expressly decided by this circuit, although the general problem of rights at such disciplinary hearings has been said to raise "grave constitutional issues." *Nieves v. Oswald*, 477 F.2d 1109, 1113 (2d Cir. 1973). Well-considered opinions in a Ninth Circuit case have, however, upheld the right to counsel, not merely to counsel-substitute, in this type of situation, *Clutchette v. Procunier*, 328 F.Supp. 767, 779–83 (N.D.Cal. 1971), *aff'd and modified on other grounds*, 497 F.2d 809, 822–23 (9th Cir. 1974), *aff'd and modified on other grounds on rehearing*, 510 F.2d 613, 616 (9th Cir.), *cert.*

*granted sub nom., Enomoto v. Clutchette*, 421 U.S. 1010, 95 S.Ct. 2414, 44 L.Ed.2d 678 (1975), even though *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), expressly declined to hold that there is a right to counsel at disciplinary hearings in general. *Id.* at 570, 94 S.Ct. at 2981, 41 L.Ed. at 959. The *Clutchette* result, we may say parenthetically, seems almost to follow in light of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Mathis v. United States*, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968). While final resolution must, of course, await the Supreme Court's ultimate decision in *Clutchette*, we would be most reluctant to dismiss here in the face of District Judge Zirpoli's and Circuit Judge Hufstedler's penetrating analysis of the issues there.

While we reverse dismissal of the claim for relief concerning absence of counsel at the prison disciplinary proceeding, we affirm dismissal of the second claim, that appellees conspired to prevent appellant from consulting with counsel of his choice regarding his upcoming murder prosecution. Appellant has alleged that appellees Asadourian and LaVallee conspired unlawfully to "appoint"[4] Wylie as appellant's counsel for the purpose of preventing appellant from consulting with an attorney, a Mr. Cunningham,[5] who appeared at the prison to consult with appellant. Even construing this pro se prisoner's complaint liberally, *Morgan v. LaVallee*, 526 F.2d 221 (2d Cir. 1975) we believe that while the complaint states a colorable claim of a conspir-

---

**3.** The complaint alleges that appellees successfully conspired to prevent appellant from testifying at a grand jury investigation of the prison stabbing and that attorney Wylie was incompetent in handling plaintiff's request to testify there. Since one must allege deprivation of a constitutional right under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and there is no claim that there is a constitutional right to testify at a grand jury proceeding, the judgment of dismissal of these claims for relief is affirmed for lack of subject matter jurisdiction.

**4.** Under New York law only the court may properly appoint an attorney for a defendant. N.Y.Crim.Proc.L. § 180.10(3)(c). Appellant

claims that appellees acted unlawfully in making the appointment, and that this unlawful act is evidence of their conspiracy to prevent the appellant from communicating with his chosen counsel.

**5.** The complaint indicates that Mr. Cunningham came to the prison to see appellant at the request of appellant's fellow inmate, Rosenberg. Appellant had asked Rosenberg to assist him regarding his legal difficulties and Rosenberg had thereupon contacted Cunningham. For purposes of the complaint, this adequately alleges that Cunningham was representing appellant as the latter's attorney when he attempted to see the appellant at Dannemora.

acy to deprive appellant of access to counsel, it has failed to allege facts indicating that appellant had a constitutional right to the assistance of counsel at the time the alleged conspiracy was in operation. To be sure, appellant has claimed that the conspiracy prevented him from consulting with his counsel at "critical stages" of the criminal case. *See, e. g., United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). This conclusory allegation, however, fails to identify what proceeding in fact is the "critical stage" at which counsel was denied. He further claims that consultation with counsel of his own choosing was necessary to "protect his rights," but again he fails to identify what rights have in fact been affected during the operation of the conspiracy he has alleged. Having failed adequately to allege any harm resulting to him from the alleged conspiracy, and having also failed adequately to allege that the conspiracy deprived him of a constitutional right of access to his attorney, we must affirm dismissal of this portion of appellant's complaint. *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964).

Judgment affirmed in part and reversed in part and remanded for further proceedings against appellees LaVallee and Czarnetsky only, in accordance with the opinion.

VAN GRAAFEILAND, Circuit Judge (concurring):

I concur in the result.

### ON REHEARING

PER CURIAM:

▮ In the opinion of this court on March 23, 1976, slip op. 2747, we held that the complaint stated a claim for relief under 42 U.S.C. § 1983 against appellees LaVallee and Czarnetsky on the basis that it alleged they had deprived appellant of counsel's assistance at prison disciplinary proceedings involving serious criminal conduct which culminated in a state murder charge against appellant. We there pointed out that final resolution would have to await the Supreme Court's ultimate deci-

sion in *Clutchette v. Procunier,* 328 F.Supp. 767, 779–83 (N.D.Cal.1971), *aff'd and modified on other grounds,* 497 F.2d 809, 822–23 (9th Cir. 1974), *aff'd and modified on other grounds on rehearing,* 510 F.2d 613, 616 (9th Cir.), *cert. granted sub nom., Enomoto v. Clutchette,* 421 U.S. 1010, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1975). The wait was not very lengthy since in *Baxter v. Palmigiano,* 421 U.S. 1010, 96 S.Ct. 1551, 47 L.Ed.2d 810, 44 U.S.L.W. 4487 (1976), the Court, while reaffirming that a prisoner's silence in prison disciplinary proceedings cannot be used in a criminal case as the basis for drawing an inference of guilt, at 1010, 96 S.Ct. at 1556, 44 U.S.L.W. at 4490, declined to hold that inmates have a right to counsel, either retained or appointed, in prison disciplinary hearings, at 1010, 96 S.Ct. at 1555, 44 U.S. L.W. at 4489–90. The Court has thus apparently extended *Wolff v. McDonnell,* 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), to the situation where the disciplinary charges involve conduct punishable as a crime under state law. Accordingly, our holding, in reliance on the court of appeals cases reversed in *Baxter, supra,* has been negated and the original judgment of the district court dismissing the complaint must be affirmed.

Judgment affirmed.