Alred LEWIS, Plaintiff-Appellant,

v.

The STATE OF NEW YORK, et al.,
Defendants-Appellees.

No. 196, Docket 76–2061.

United States Court of Appeals,
Second Circuit.

Argued Oct. 12, 1976.

Decided Oct. 27, 1976.

Daniel J. Steinbock, New York City (Pierce Gerety, Jr., Prisoners' Legal Services of New York, New York City, on the brief), for plaintiff-appellant.

Joan P. Scannell, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, on the brief, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.

Before KAUFMAN, Chief Judge, and MOORE and MANSFIELD, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

More than a quarter century ago, Judge, later Chief Judge, Clark cautioned against "judicial haste which in the long run makes waste". *Dioguardi v. Durning,* 139 F.2d 774, 775 (2d Cir. 1944). His condemnation of premature dismissals based solely on the words in the pleading applies with added force when the action is terminated prior to service of process on the opposing party. We hold that Judge Port's *sua sponte* dismissal of a prisoner's *pro se* complaint for failure to state a federal claim was improper, where the complaint alleged a violation of 42 U.S.C. § 1983, the adverse parties had not been served, and both plaintiff and defendants were deprived of the opportunity to respond. Accordingly, we vacate the order of dismissal and remand for further proceedings.

A brief narration of the facts will serve to clarify the legal issues presented. Alfred Lewis is an inmate at Clinton Correctional Facility. Like all New York State prisoners, he is prohibited from retaining money in his personal possession.[1] Upon arrival at a penal facility, a prisoner is required to deposit any money he is carrying in a commissary account to which funds subsequently earned or received are added. An inmate can draw on these assets to purchase food, tobacco and the other minor amenities available at the commissary.

On October 17, 1975, Lewis, then serving a sentence for bank robbery,[2] was transferred to Clinton from Bayview Correctional Facility in New York City. Lewis accumulated earnings for his work at Clinton, and on November 3, 1975, received a $20.00 money order as a gift. On November 17, however, when Lewis attempted to draw on these accumulations to purchase food and tobacco, he was informed that nothing remained. The following day, Lewis, understandably perturbed, requested the prison financial officers to explain the barren condition of his account. Lewis was told his money had been confiscated to satisfy a $96.00 debt incurred while he was incarcerated at Bayview. Lewis strenuously denied the existence of any such obligation.

In the ensuing months, a second $20.00 money order, an additional $10.00 gift, and all the wages Lewis earned were applied against the alleged debt. By January 26, 1976, when Lewis sought leave to file his complaint in forma pauperis, approximately $70.00 had been taken from his commissary account. During this period Lewis was deprived of supplemental food and tobacco, and claims this loss caused him serious physical and emotional distress.

Lewis' three-page pro se complaint, written in longhand, recounted the tale just told. Although perhaps misleadingly denominated a "Complaint for Conversion" the document clearly stated that "jurisdiction" was based on 42 U.S.C. § 1983. Lewis accompanied the complaint with an affidavit and motion to proceed in forma pauperis.

Judge Port, in a memorandum and order dated January 29, 1976, directed that leave to proceed in forma pauperis be granted so the complaint could be filed without payment of the requisite fee. He then ordered the action "denied and dismissed", holding that the complaint alleged "if anything" the tort of conversion, and concluding that "no federal or constitutional claim is presented". Since the action was dismissed almost simultaneously with its filing, defendants, the State of New York, the state Commissioner of Correctional Services, and the Superintendents of Clinton and Bayview, were never served with copies of the complaint or summons.

I.

■■■ We have criticized sua sponte dismissals of pro se complaints in several recent cases emanating in the Northern District.[3] Great circumspection is required before terminating such actions, particularly in their embryonic stages. It is prudent for judges to avoid an inquisitorial role, and not search out issues more appropriately left to a motion by the opposing party.

If defendants had moved to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Lewis would have received notice of the challenge to the sufficiency of his complaint. He would have had an opportunity to respond by seeking leave to amend, or setting forth arguments supporting the validity of his claim. Because Judge Port dismissed sua sponte, however, Lewis did

---

1. New York Correction Law § 125.

2. Recently, in a habeas corpus proceeding, Lewis was granted a new trial on that charge. *United States ex rel. Lewis v. Henderson*, 421 F.Supp. 674, (S.D.N.Y.1976), *on remand from* 520 F.2d 896 (2d Cir.), *cert. denied*, 423 U.S. 998, 96 S.Ct. 429, 46 L.Ed.2d 373 (1975).

3. *Mawhinney v. Henderson*, 542 F.2d 1, Slip. p. 5279 (2d Cir. Aug. 30, 1976); *Burgin v. Henderson*, 536 F.2d 501 (2d Cir. 1976); *Frankos v. LaVallee*, 535 F.2d 1346 (2d Cir. 1976).

not receive notice of the proposed disposition and was unable to respond.[4]

In the oft-cited case of *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Supreme Court held that a trial court cannot dismiss a complaint for failure to state a claim until it has "assumed jurisdiction over the controversy." In this case, Judge Port explicitly dismissed the complaint because "no federal or constitutional claim is presented". Yet his ruling was made before any adverse party was joined in the litigation and rested solely on the face of Lewis' complaint. It would appear, therefore, that the Court had not assumed jurisdiction within the meaning of *Bell v. Hood, supra.* Thus, dismissal of the action was premature.[5]

## II.

■ Untimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts. The undesirable consequences of premature dismissal are amply illustrated by the awkward posture this case presents on appeal. Lewis, having had his action dismissed for failure to state a claim, asks us to rule on the sufficiency of his complaint. The State of New York and the other defendants, however, refuse to defend the propriety of Judge Port's order. They have never been made parties to the action, and decline to waive their right to service. Accordingly, they have not briefed the question of the sufficiency of Lewis' complaint.[6] We are confronted, therefore, with a controversy where the defendants

refuse to participate because they are not parties, and to resolve it at this stage and under these circumstances would be unnecessary and wasteful.

Lewis contends the State was not prejudiced by its failure to be served below, since the trial judge's decision was favorable to it. But New York would be injured if it were now forced to abjure the full panoply of litigation strategies available to the typical defendant, and asked to respond solely to the issues raised by Lewis on appeal. It argues this is not a case of "looking a gift horse in the mouth" for the gift may prove burdensome in an effort to defend the judge's ruling on appeal. The State urges that if it had proceeded in the trial court, it might have declined to make a motion to dismiss, and instead sought summary judgment whereby it could deny plaintiff's factual assertions, a resolution more likely to withstand appeal.

In any event, *de novo* consideration of a motion to dismiss pursuant to 12(b) of the Federal Rules of Civil Procedure is better left to district courts. It would be unfair to limit New York to the arguments advanced in Judge Port's memorandum. Any contentions by both plaintiff and defendants should be sifted and evaluated by a trial court before reaching this forum. Accordingly, we decline to determine whether Lewis' complaint states a federal or constitutional claim.

Since, as we have noted, Judge Port's dismissal was premature, we vacate the order of dismissal, and remand for service of process and further proceedings consistent with this opinion.

4. Failure to afford plaintiffs an opportunity to address the court's *sua sponte* motion to dismiss is, by itself, grounds for reversal. *See California Diversified Promotions v. Musick,* 505 F.2d 278 (9th Cir. 1974); *Literature, Inc. v. Quinn,* 482 F.2d 372 (1st Cir. 1973); *Dodd v. Spokane County, Washington,* 393 F.2d 330 (9th Cir. 1968).

5. *Bell* does provide that a complaint may be dismissed prior to assuming jurisdiction if it is either "frivolous" or the federal claim is "immaterial and made solely to obtain jurisdiction". Judge Port, however, did not rely on either of these grounds, and we need not tarry

over them. We would note in passing, however, that confiscation of a prisoner's property without due process is generally a cognizable claim under 42 U.S.C. § 1983. *Kimbrough v. O'Neil,* 523 F.2d 1057 (7th Cir. 1975); *Carter v. Estelle,* 519 F.2d 1136 (5th Cir. 1975); *Hansen v. May,* 502 F.2d 728 (9th Cir. 1974). Thus, Lewis' claim does not appear frivolous.

6. Thus, this case is distinguishable from those cited at note 3, *supra* where the question of personal jurisdiction was not discussed, and the sufficiency of the claim was apparently briefed by both parties. *See Frankos v. LaVallee, supra* p. 1347 n. 1.