Samuel L. SOMMER, Plaintiff,

v.

Robert F. RANKIN, Defendant.

No. 78–C–111.

United States District Court,
E. D. New York.

April 24, 1978.

Samuel L. Sommer, pro se.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

■ This is an action brought pursuant to 42 U.S.C. § 1983 against an attorney who had been retained to represent the plaintiff in various state matters. The crux of the complaint is that defendant inadequately represented plaintiff's interests in those cases. The case is, in effect, an action for legal malpractice, and is not cognizable under § 1983 since there is a total absence of state action as required by that section. Accordingly, the complaint must be dismissed.[1]

The court is not unmindful of recent decisions of the Court of Appeals for the Second Circuit which have suggested that pro se civil rights complaints should not be dismissed *sua sponte* prior to the service of the summons or the filing of an answer or a motion to dismiss. *Lewis v. New York,* 547 F.2d 4 (2d Cir. 1976); *Mawhinney v. Henderson,* 542 F.2d 1 (2d Cir. 1976); *Burgin v. Henderson,* 536 F.2d 501 (2d Cir. 1976); *Frankos v. LaVallee,* 535 F.2d 1346 (2d Cir. 1976). However, those cases dealt with complaints by inmates against prison officials, and were therefore cases, unlike this case, in which the threshold requirement of state action was at least arguably present.

In *Lewis v. New York, supra,* the Court of Appeals relied upon *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), for the proposition that a trial court cannot dismiss a complaint for failure to state a

claim until it has assumed jurisdiction over the controversy, which occurs after an adverse party has been joined. 547 F.2d at 6. However, in a footnote in *Lewis,* the Court of Appeals recognized that "*Bell* does provide that a complaint may be dismissed prior to assuming jurisdiction if it is either 'frivolous' or the federal claim is 'immaterial and made solely to obtain jurisdiction.'" 547 F.2d at 6, n. 5.

■ In this case, the claim of state action, which is essential to the invocation of § 1983, is clearly frivolous. This court cannot believe that the Court of Appeals intended that *sua sponte* dismissal should be avoided even in cases such as this, where there is no conceivable basis for liability under § 1983. Accordingly, the court is of the opinion that in this particular case, such dismissal would not be inappropriate. Nor would such dismissal be inconsistent with *Lewis, supra, Mawhinney, supra, Burgin, supra,* and *Frankos, supra.* Accordingly, the complaint, insofar as it alleges jurisdiction pursuant to § 1983, is dismissed.

Plaintiff also invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, claiming that his action arises under the Constitution and laws of the United States. A reading of the complaint, however, makes it clear that plaintiff's assertion of jurisdiction under § 1331 is unsupported by the allegations contained therein.

The complaint, at page 3, states that "generally stated," the allegations against the defendant are as follows:

Willfull [sic] neglect of a legal matter; knowing failure to return all legal papers belonging to plaintiff; failure to reinburse [sic] monies given to defendant to appear at Court in behalf of plaintiff's wife, Mrs. Elaine Sommer; unjustifiable failure to process an appeal after being

---

1. Plaintiff is apparently under the impression that any actions by an attorney which do not comport with what plaintiff believes is minimum competence give rise to a claim under 42 U.S.C. § 1983. This conclusion is supported by the fact that plaintiff had filed a similar action against another attorney. *Sommer v. Bogatin,* Docket No. 77–C–1047, in which, the court, by order dated April 14, 1978, granted defendant's motion to dismiss. While the court expresses no view as to the quality of legal services rendered by the defendant in either this case or the *Bogatin* case, the court wishes to make it clear to the plaintiff that claims such as those presented here and in *Bogatin* are not cognizable under § 1983 since no state action is involved.

retained to do so; neglect of legal matters. . . .

■ None of the allegations in the complaint state a federal claim under 28 U.S.C. § 1331. The claim of jurisdiction pursuant to that section is clearly frivolous, *see Bell v. Hood, supra; Lewis v. New York, supra,* and the complaint must be dismissed. So ordered.