15-3379-pr
*Rodriguez v. Grifftin*, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            PETER W. HALL,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

_____

JOSE RODRIGUEZ,

               *Plaintiff-Appellant,*                         15-3379-pr

        v.

THOMAS GRIFFIN, SUPERINTENDENT AND/OR CHIEF
EXECUTIVE OFFICER OF EASTERN CORRECTIONAL
FACILITY, DR. GUSMAN, MEDICAL DIRECTOR OF EASTERN
CORRECTIONAL FACILITY, FKA GUZMAN, DR. JOHN DOE,
HEALTH CARE PROVIDER AT EASTERN CORRECTIONAL
FACILITY, MS. ANTHONY, REGISTERED NURSE AT
EASTERN CORRECTIONAL FACILITY, DOCTOR ANANDOLAS
AT EASTERN CORRECTIONAL FACILITY, FKA ANNDOLA,
NURSE, JANE DOE, REGISTERED NURSE AT EASTERN
CORRECTIONAL FACILITY, JOHN/JANE DOE, NURSE
ADMINISTRATOR OF MEDICAL SERVICES AT EASTERN
CORRECTIONAL FACILITY,

               *Defendants-Appellees.*

_____

1

**FOR PLAINTIFF-APPELLANT:**                    Karen R. King (Erin J. Morgan and
                                                Patricia Perez, *on the brief*), Paul, Weiss,
                                                Rifkind, Wharton & Garrison LLP, New
                                                York, NY.

**FOR DEFENDANTS-APPELLEES:**                   No appearance.

Appeal from an order of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED AND REMANDED**.

Plaintiff-Appellant Jose Rodriguez appeals the dismissal of claims brought under 42 U.S.C. § 1983 against the superintendent and six medical professionals at Eastern Correctional Facility ("Eastern"). As permitted by statute, the District Court dismissed these claims prior to service on the defendants.[1] *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Nonetheless, we have appellate jurisdiction over an appeal from the *sua sponte* dismissal. *See McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

On May 19, 2015, Rodriguez commenced this action by filing—*pro se* and *in forma pauperis*—a complaint alleging that while incarcerated at Eastern, defendants violated his Eighth Amendment rights by failing to provide adequate medical care. Specifically, Rodriguez alleged that defendants' inadequate treatment led him to suffer a cerebral stroke on February 16, 2012—a date more than three years prior to Rodriguez's filing suit. The District Court—pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, which require district courts to review *sua sponte* whether actions proceeding *in forma pauperis* and actions brought by prisoners, respectively, fail to state a claim—issued an order providing that "unless plaintiff is able to demonstrate that [Section 1983's three-year] limitations period is subject to equitable tolling, and/or that the continuing violation doctrine applies to his claims, the complaint was not timely filed and is subject to dismissal . . . ." A 29.[2] The same order granted Rodriguez leave to amend the complaint within thirty days, and

---

[1] The defendants were never served and, therefore, are not parties to this appeal. *See Lewis v. State of N.Y.*, 547 F.2d 4, 6 (2d Cir. 1976). However, we directed the New York State Attorney General's Office to file a brief as amicus curiae in support of the position of the defendants. That brief was submitted on December 9, 2016. *See* No. 15–3379, ECF No. 1924078 (Dec. 9, 2016).

[2] "A" refers to the Appendix.

Rodriguez later requested an additional thirty-day extension, which was granted. In a pair of unusual filings on the (once-extended) deadline to amend, Rodriguez both requested an additional fifteen-day extension "to perfect the Amended Complaint," and enclosed a copy of an amended complaint. The next day, the District Court deemed the amended complaint to have been filed and denied the extension request as moot. In a subsequent order, the District Court dismissed with prejudice Rodriguez's amended complaint as time-barred.

We review the *sua sponte* dismissal of a complaint *de novo*. *McEachin*, 357 F.3d at 200. *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted). While lack of timeliness is a valid ground of *sua sponte* dismissal, *Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds), the statute of limitations in Section 1983 prisoner suits is tolled while a prisoner is satisfying the mandatory administrative exhaustion process, *Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir. 2011).

In his initial complaint, Rodriguez alleged that he "exhausted all his administrative remedies . . . as required by . . . the Prison Litigation Reform Act[]." A 8. He also alleged that defendants were on notice of his inadequate treatment "threw [sic] grievances filed, and/or the Inmate Liasiason [sic] Committee." A 10. The amended complaint also referenced "formal grievances filed at facility, and issues presented to the Inmate Liaison Committee, about the inadequate care and treatment at Eastern," but omitted (among other things) the initial complaint's sectional heading addressed to exhaustion of administrative remedies. A 50.

We need not decide whether those allegations, liberally construed, state a timely claim. Rather, we conclude that the District Court erred (that is, "abused its discretion") by not granting Rodriguez an opportunity for further amendment in light of the foregoing sequence of allegations and Rodriguez's request for an extension of time to improve the allegations in his amended complaint. While district courts enjoy considerable discretion in such matters, the District Court here denied a *pro se* plaintiff's extension request and dismissed his complaint with prejudice, without any mention of Rodriguez's apparent exhaustion of administrative remedies, nor any finding that further amendment would be futile. That was error.[3] Indeed, Rodriguez now expressly submits, with the aid of *pro bono* counsel on appeal, that amendment with respect to timeliness would *not* be futile.[4]

---

[3] Of course, we nevertheless recognize that the District Court was presented with an unusual and equivocal pair of *pro se* filings.

[4] Rodriguez submits through appellate counsel that he was in the process of exhausting administrative remedies for 239 days, whereas the District Court found the complaint untimely by a matter of 92 days. According to Rodriguez's submission on appeal, on August 20, 2013, Rodriguez

3

Accordingly, we **VACATE** the October 5, 2015 judgment of the District Court, and we **REMAND** the cause to the District Court for such further proceedings as may be appropriate in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

filed an administrative grievance and the grievance committee thereafter recommended a determination in his favor; Eastern's superintendent, however, then denied Rodriguez's grievance, and that decision was upheld by a review committee on April 6, 2014. Were Rodriguez to include such allegations in an amended complaint, his claims, as alleged, would be timely.