22-1118
*Jordan v. Walker, et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOHN M. WALKER, JR.
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

VICTOR L. JORDAN,

> *Plaintiff-Appellant*,

v.                                                    22-1118

DENISE WALKER, WARDEN, WATSON, UNIT MANAGER, CAPT.,

> *Defendant-Appellees*.*

_____

For Plaintiff-Appellant:     MICHAEL E. DONOHUE, Blank Rome LLP, New York, NY (Massimo F. D'Angelo, Blank Rome LLP, New York, NY; Max Nicholas, Max Nicholas LLC, New York, NY; *on the brief*).

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellees: EVAN O'ROARK, Assistant Solicitor General, *for* William Tong, Attorney General of the State of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Victor L. Jordan ("Jordan"), an inmate at the Cheshire Correctional Facility ("Cheshire"), appeals the judgment of the United States District Court for the District of Connecticut (Covello, *J.*). Jordan seeks reversal of the district court's March 22, 2021, decision dismissing, *sua sponte*, his 42 U.S.C. § 1983 claim for excessive force in violation of the Eighth Amendment, brought *in forma pauperis*.[1] In the alternative, Jordan argues this claim should be remanded to the district court, with instruction to allow leave to replead. While Jordan's excessive force claim was dismissed prior to service on any of the defendants for failure to state a claim,[2] the district court permitted Jordan's 42 U.S.C. § 1983 claim alleging conditions of confinement in violation of the Eighth Amendment to proceed to discovery. In this appeal, Jordan also seeks review of the district court's May 10, 2022, grant of summary judgment in favor

---

[1] The district court also dismissed Jordan's claims that he was denied equal protection under the Fourteenth Amendment and subjected to involuntary peonage under the Thirteenth Amendment. Jordan has not appealed the dismissal of these claims.

[2] Because the district court dismissed Jordan's excessive force claim *sua sponte* prior to service on the relevant defendants, no defendant has appeared on this claim, either in the district court or on appeal. *See Lewis v. New York*, 547 F.2d 4, 6 (2d Cir. 1976) (noting the difficulties attendant to appellate proceedings involving *sua sponte* dismissals of pro se complaints). We nevertheless retain appellate jurisdiction over its appeal, *see McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004), and the Connecticut Attorney General's Office has briefed the excessive force claim in an amicus capacity supporting the position of unserved defendant Lieutenant Gray.

of defendants Denise Walker, Cheshire's warden, and Captain James Watson, unit manager at Cheshire, on his Eighth Amendment conditions of confinement claim.

We review *de novo* both a district court's *sua sponte* dismissal of a complaint for failure to state a claim and a district court's grant of summary judgment. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Woolf v. Strada*, 949 F.3d 89, 92–93 (2d Cir. 2020). When reviewing the dismissal of "a prisoner complaint pursuant to section 1915A, 'we accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003)). Jordan's *pro se* complaint is also reviewed with "special solicitude," *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), and "must be construed liberally and interpreted 'to raise the strongest arguments that [it] suggest[s],'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d. Cir. 2006)). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And a district court's failure to grant leave to amend a complaint dismissed pursuant to § 1915A is reviewed for abuse of discretion. *See Collymore v. Myers*, 74 F.4th 22, 27 (2d Cir. 2023).

On a motion for summary judgment, we "resolv[e] all ambiguities and draw[] all reasonable inferences" in favor of the non-moving party. *Woolf*, 949 F.3d at 92–93 (quoting *Pippins v. KPMG, LLP*, 759 F.3d 235, 239 (2d Cir. 2014)). A district court's grant of summary judgment should be affirmed "only if there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Id.* at 93 (quoting *Pippins*, 759 F.3d at 239). Again, because Jordan was *pro se* below, "we must interpret his papers liberally 'to raise the strongest arguments that they suggest.'" *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015)

3

(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). A district court "cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 245 (2d Cir. 2020) (quoting *Agosto v. INS*, 436 U.S. 748, 756 (1978)). But "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A. Eighth Amendment Excessive Force Claim**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, including the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S 153, 173 (1976). To state a constitutional violation under the Eighth Amendment, Jordan "must allege two elements, one subjective and one objective." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). To meet the subjective requirement, Jordan must adequately allege that the prison officials involved "had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson v. McMillian*, 501 U.S. 1, 6–7 (1992)). To meet the objective requirement, "the alleged violation must be 'sufficiently serious.'" *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). But because the objective inquiry is "context specific" and responsive to "contemporary standards of decency," *Blyden v. Mancusi*, 186 F.3d 252, 263

4

(2d Cir. 1999) (quoting *Hudson*, 503 U.S. at 8), what is necessary to meet the objective element "depends upon the claim at issue," *Hudson*, 503 U.S. at 8.

*Hudson* clarified that, in the context of Eighth Amendment excessive force claims, the objective element is met whenever "prison officials maliciously and sadistically use force to cause harm," regardless of "whether or not some significant injury is evident." *Id.* at 9 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Nevertheless, "*de minimis* uses of physical force" are "exclude[d] from constitutional recognition," so long as "the use of force is not of a sort repugnant to the conscience of mankind." *Branham v. Meachum*, 77 F.3d 626, 630 (2d Cir. 1996) (quoting *Hudson*, 501 U.S. at 9–10). The subjective element, that defendants acted "wanton[ly]," "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Blyden*, 186 F.3d at 262 (quoting *Hudson*, 503 U.S. at 7). We have instructed courts to determine if prison officials used force maliciously or wantonly by evaluating "the extent of the plaintiff's injuries; the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (citing *Hudson*, 501 U.S. at 7).

Applying these principles here, because Jordan's complaint does not allege facts that plausibly suggest prison officials acted with a wanton state of mind, he fails to state a claim for the unconstitutional use of excessive force. Jordan states in his complaint that "he started making threats to act out if and when [officials] removed [his] handcuffs," and the officers reacted by temporarily applying in-cell restraints. One of the inmate requests attached to his complaint also indicates that Jordan refused to respond when asked if he "w[as] having thoughts of harming [himself] or anyone else." Evaluating the circumstances under the factors set out in *Romano*, the

facts alleged provide a clear correlation between the force used (applying restraints) and the need for force based on the threat reasonably perceived—that the plaintiff would become violent and potentially self-harm once the restraints were removed. Rather than showing that the application of restraints was malicious or sadistic, these facts support that the use of force was in a "good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 7. Nor has Jordan alleged that officers intentionally applied the restraints too tightly, or that he informed the officers that the restraints were too tight as they were applied and was ignored. The district court erroneously relied on Jordan's lack of "permanent injury" from the application of handcuffs in dismissing the claim. However, because Jordan failed to allege facts suggesting that force was applied wantonly, we agree with the district court that Jordan's excessive force claim was properly dismissed.

As to Jordan's argument that he should have been permitted to replead this claim, a district court exceeds its discretion when it dismisses a complaint under § 1915A without "accord[ing] the inmate an opportunity to amend[,] . . . 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Only when "there is no merit in the proposed amendments or amendment would be futile" is it proper to deny leave to replead. *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d. Cir. 1998). But this Court has found it futile to grant leave to replead on appeal when the problem with the complaint is "substantive" and the plaintiff, "speaking through counsel on appeal, has suggested no new material she wishes to plead." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

6

Such is the case here. As in *Cuoco*, Jordan is now represented by counsel on appeal and has "suggested no new material [he] wishes to plead" that would meet the subjective element of an excessive force claim. *Id*. At this stage, it has become clear that the problem with Jordan's complaint is substantive and cannot be cured by better pleading. Because permitting him to replead would be futile, the district court did not err in failing to provide him this opportunity. Jordan's request before this Court to remand with instruction to provide leave to replead is therefore denied.

**B. Eighth Amendment Conditions of Confinement Claim**

The Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer*, 511 U.S. at 832. To state an Eighth Amendment claim for inhumane conditions of confinement, a plaintiff must allege: "(1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . . , such as deliberate indifference to inmate health or safety.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d. Cir. 2013) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)).

To meet the objective prong of this analysis, a plaintiff must "prove that the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). We have found a deprivation objectively sufficient when a plaintiff shows "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker*, 717 F.3d at 125. Thus, when prison officials "deprive an inmate of his 'basic human needs' such as food, clothing, medical care, and safe and sanitary living conditions," they violate the Constitution. *Id*. at 125 (quoting *Phelps*, 308 F.3d at 185). Disparate conditions

of the plaintiff's confinement "may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

To establish the subjective requirement, that prison officials acted with deliberate indifference, the plaintiff must show "more than mere negligence." *Jabbar v. Fisher*, 683 F.3d 54, 57 (2d Cir. 2012) (quoting *Farmer*, 511 U.S. at 835). Instead, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Id*. (citing *Farmer*, 511 U.S. at 837).

This Court has held that "unsanitary conditions in a prison cell can, in egregious circumstances, rise to the level of cruel and unusual punishment." *Walker*, 717 F.3d at 127. But when "a relevant videotape whose accuracy is unchallenged . . . so utterly discredits the opposing party's version that no reasonable jury could fail to believe the version advanced by the moving party," it "should be credited by the court" on a motion for summary judgment. *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007) (citing *Scott v. Harris¸* 550 U.S. 372, 378–81 (2007)). Here, Jordan has not raised a material issue of fact as to the accuracy of the video evidence. The video documents the condition of Jordan's restrictive housing cell at the outset of his two-week stay, showing a cell with a metal bunk, steel toilet, and chipped paint on the floor. The walls, floor, and toilet appear free of feces and other bodily waste. While Jordan argues that the video does not show the filth because his cell had recently been painted, this claim too is contradicted by the video footage—which shows chipped paint. Given the video evidence of the condition of Jordan's restrictive housing cell, there is no genuine dispute of material fact for the jury to

8

determine regarding Jordan's claim that his cell was covered in feces, urine, and other bodily fluids.

Jordan also asserts his cell's air vents contained mold. But Jordan has come forward with no evidence that this condition created an unreasonable risk of serious damage to his health, or otherwise deprived him of basic human needs. And as to Jordan's claim that his restrictive housing cell contained chemical residue, causing a burning sensation when he touched his face, Jordan has not provided evidence establishing the subjective component of his conditions claim: that defendant-appellees Walker and Watson were aware of this condition and acted with deliberate indifference to a serious risk to his health and safety. Jordan submitted multiple inmate request forms while in restrictive housing, but these at most referenced that his cell contained chemical spray residue, without alerting prison officials that his exposure to this residue caused any painful effects. And while Jordan avers he communicated verbally with defendant-appellees Walker and Watson regarding the "filthy' condition of the cell, he has not affirmed that he communicated he was suffering from painful exposure to residue of chemical spray. *See Phelps*, 308 F.3d at 185–86 (noting that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" (quoting *Farmer*, 511 U.S. at 837)).

Finally, Jordan asserts that his cell was cold and that he was not provided additional blankets. These averments, without elaboration, are insufficient to raise a material issue of fact as to his conditions of confinement claim. While the Supreme Court has noted that "a low cell temperature at night *combined* with a failure to issue blankets" may violate the Eighth Amendment,

9

*Wilson,* 501 U.S. at 304 (emphasis added), Jordan, per his own admission, was provided a blanket and bed sheets.   Jordan's vague allegations of cold temperatures, without more, are insufficient to satisfy the objective element of an Eighth Amendment claim.

\* \* \*

We have considered Jordan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk